IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNIVERSITY OF WISCONSIN HOSPITAL
AND CLINICS, INC.,

                         Plaintiff,                    OPINION & ORDER

  v.                                                       13-cv-197-jdp

AETNA LIFE INSURANCE COMPANY,
ADP TOTALSOURCE INC. HEALTH AND
WELFARE PLAN, and ADP
TOTALSOURCE, INC.,

                       Defendants.

---

      Plaintiff University of Wisconsin Hospital and Clinics, Inc. brought this action to recover payment for medical services it provided under an employee health care plan governed by the Employee Retirement Income Security Act (ERISA). The court granted UW Hospital's motion for summary judgment, concluding that defendant Aetna Life Insurance Company had acted arbitrarily and capriciously in denying payment under the plan. Dkt. 31. The court also considered UW Hospital's request for its attorney's fees and determined that this case warranted such an award. *Id.* As part of its summary judgment order, the court directed UW Hospital to submit a calculation of the benefits owed, along with any prejudgment interest, and an itemization of its reasonable attorney's fees. UW Hospital has submitted its calculation, Dkt. 32-1, and Aetna has submitted its response, Dkt. 33.

      Aetna's response raises three objections to UW Hospital's proposed award. Specifically, Aetna contends that UW Hospital is not entitled to prejudgment interest, or, if it is, that the interest should be at the prime rate, rather than Wisconsin's statutory rate. Aetna also argues that UW Hospital cannot recover fees for preparing arguments that were ultimately unsuccessful in this case. Finally, Aetna notes that UW Hospital's attorneys impermissibly "block-billed"

their time, which led to inflated fees. The court agrees with some, but not all, of Aetna's objections and will enter judgment for UW Hospital awarding: (1) past due benefits in the amount of $11,485.24; (2) prejudgment interest in the amount of $3,962.40; and (3) attorney's fees in the amount of $7,353.70.

OPINION

UW Hospital's summary of past due benefits and attorney's fees seeks a total award of $24,709.70. Of this total, $15,447.64 is for benefits and prejudgment interest, and $9,262.06 is for UW Hospital's attorney's fees and costs. Dkt. 32-1. Aetna has objected to both amounts. Dkt. 33.

**A. UW Hospital correctly calculated the past due benefit and prejudgment interest.**

Aetna does not dispute the amount due for the underlying medical services that UW Hospital provided, and the parties agree that a $400 precertification benefit reduction is appropriate.[1] The court therefore finds that the benefits due total $11,485.24. *See* Dkt. 32-1. With respect to prejudgment interest, however, Aetna argues that UW Hospital incorrectly applied Wisconsin's statutory simple interest rate of 12%. *See* Wis. Stat. § 628.46(1). Aetna contends that UW Hospital is not entitled to *any* prejudgment interest, but that if the court awards interest, it should use the applicable prime rate. Dkt. 33, at 2. The court disagrees.

Prejudgment interest is appropriate in this case. In ERISA actions, "prejudgment interest should be *presumptively* available . . . . Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay." *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811,

---

[1] This reduction applies because UW Hospital failed to precertify the treatment it provided to a plan participant. The lack of precertification was the central dispute in this case, which the court resolved in its summary judgment order. *See* Dkt. 31.

820 (7th Cir. 2002) (emphasis added) (quoting *Gorenstein Enters., Inc. v. Quality Care–USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989)). The decision "to award an ERISA plaintiff pre-judgment interest is 'a question of fairness, lying within the court's sound discretion, to be answered by balancing the equities.'" *Id.* (internal citations omitted). In this case, Aetna has offered nothing to rebut the presumption of prejudgment interest, and the court finds that such an award is appropriate. UW Hospital rendered medical services three years ago and has yet to be compensated. Without interest, any amount UW Hospital receives at this point will necessarily be incomplete. *See Ehrman v. Henkel Corp. Long Term Disability Plan*, 194 F. Supp. 2d 813, 822 (C.D. Ill. 2002) ("[T]he main reason for awarding prejudgment interest is to give a plaintiff full compensation for the time value of the money that was wrongfully withheld."); *Wilkes v. UNUM Life Ins. Co. of Am.*, No. 01-cv-182, 2002 WL 32345374, at *1 (W.D. Wis. Mar. 18, 2002) ("The growing recognition of the time value of money has led the court of appeals to rule that prejudgment interest should be presumptively available to victims of federal law violations.") (internal citations omitted).

In contesting the fairness of prejudgment interest, Aetna reasserts that UW Hospital's "failure to pre-certify the services rendered in violation of the terms of [its] provider agreement" gave rise to the current litigation. Dkt. 33, at 2. This argument only underscores why prejudgment interest is appropriate in this case. As it did in unsuccessfully opposing summary judgment, Aetna again seeks to blame UW Hospital for the parties' dispute. But the court's summary judgment order specifically concluded that "Aetna did not ever adequately explain to UW Hospital its decision to withhold benefits and, when finally forced to do so in this case, Aetna advanced an interpretation of its insurance policy which effectively and unreasonably rewrote its precertification and benefit reduction procedures." Dkt. 31, at 15. The court went on to determine that "Aetna bears considerable fault for the case proceeding this far into litigation

3

[and awarded] attorney's fees in this case [to] deter Aetna from similar manipulation of its policies in the future." *Id.* at 16. Even if Aetna's conduct in this case does not rise to the level of bad faith, prejudgment interest is still warranted. *Fritcher*, 301 F.3d at 811; *see also Johnson v. Prudential Ins. Co. of Am.*, No. 98-cv-0750, 2000 WL 34229776, at *4 (W.D. Wis. Aug. 9, 2000) ("The presence or absence of bad faith may play a role in a district court's determination to grant or withhold prejudgment interest, but it is not a necessary element."). Aetna's attempt to relitigate past arguments fails, and prejudgment interest is necessary in this case to make UW Hospital whole.

Having concluded that prejudgment interest is appropriate, the court must determine the correct rate. ERISA does not set a rate for prejudgment interest, and the Seventh Circuit has "suggest[ed] that district judges use the prime rate for fixing prejudgment interest where there is no statutory interest rate." *Gorenstein Enters., Inc.*, 874 F.2d at 436. Under Wisconsin law, however, "[a]ll overdue payments [from insurers] shall bear simple interest at the rate of 12% per year." Wis. Stat. § 628.46(1). The Seventh Circuit has not addressed the question of whether ERISA preempts state statutes setting prejudgment interest rates, and district courts in this state have landed on both sides of the question. *Compare Roy v. Forest Cnty. Potawatomi Grp. Health*, No. 03-cv-1265, 2005 WL 3372853, at *4 (E.D. Wis. Dec. 12, 2005) ("[T]here is a concern that applying a state statute in that fashion would interfere with ERISA's broad preemptive scope.") *and Freeland v. Unum Life Ins. Co. of Am.*, No. 11-cv-053, 2014 WL 988761, at *7 (W.D. Wis. Mar. 13, 2014) ("ERISA's savings clause makes it appropriate to use Wisconsin's statutory rate.").

4

The court will follow its own precedent in *Freeland* applying § 628.46 to ERISA claims.[2] ERISA's savings clause provides that "nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A). In *Freeland*, the court offered a detailed analysis of the provision, finding that the Wisconsin statute "regulates insurance [because] it controls a portion of the insurance relationship by requiring timely payment of claims and is directed at the insurance industry specifically." 2014 WL 988761, at *7. Because the statute regulates insurance, the court went on to conclude that "Wisconsin's prejudgment interest statute falls within ERISA's saving clause." *Id.* at *8. In this case, Aetna offers nothing to suggest that *Freeland* reached an incorrect result. UW Hospital is therefore entitled to simple prejudgment interest, at a rate of 12% per year. Aetna does not dispute UW Hospital's calculation of $3,962.40, and the court finds the amount to be reasonable.

## B. UW Hospital improperly included attorney's fees for arguments and filings that were never presented in this case, but otherwise permissibly recorded its hours.

UW Hospital's attorneys have reported 71.1 hours of work on this case and requested attorney's fees and costs in the amount of $9,262.06.[3] Aetna begins with a general objection, noting that the "requested fees of almost 100% of the benefits at issue are vastly disproportionate and should be reduced for that reason alone." Dkt. 33, at 2. As a practical

---

[2] Aetna has not raised the issue of whether ERISA preempts state statutory interest rates. Instead, Aetna claims that "it is settled Seventh Circuit law that prejudgment interest should be calculated at the *applicable prime rate* and not under Wisconsin statutory law." Dkt. 33, at 2 (original emphasis). Aetna does not direct the court to any Seventh Circuit case announcing such a "settled" rule, and the court's own research indicates that there is an obvious split of authority.

[3] UW Hospital's attorneys were responsible for all but 0.55 hours billed by a legal assistant who worked on this case. The attorneys have an hourly rate of $125. UW Hospital also incurred $327.06 in costs.

matter, the fees are only 80% of the past due benefits and the court finds that such a proportion, on its own, does not necessitate reduction. Aetna directs the court to *Parke v. First Reliance Standard Life Insurance Company*, 368 F.3d 999 (8th Cir. 2004), and *UNUM Life Insurance Company of America v. Wolf*, No. 07-cv-00071, 2008 WL 2185889 (D. Colo. May 23, 2008). But these cases do not offer any support. In *Parke*, the Eighth Circuit held that "the term 'any action' in 29 U.S.C. § 1132(g)(1) [ERISA's fee-shifting provision] does not extend to pre-litigation administrative proceedings," and reversed an award of attorney's fees incurred outside the judicial action in that case. 368 F.3d at 1011. In *Wolf*, a district court exercised its discretion to reduce an award it felt was disproportional, but did not announce a rule of law requiring such a result. 2008 WL 2185889, at *8.

Even if these cases were on point, the Seventh Circuit has flatly rejected Aetna's argument, holding that in "a comparison between a plaintiff's damages and his attorney's fees . . . we have 'rejected the notion that the fees must be calculated proportionally to damages.'" *Anderson v. AB Painting & Sandblasting Inc.*, 578 F.3d 542, 545 (7th Cir. 2009) (internal citations omitted). Tellingly, there are a number of instances where ERISA cases result in awards of attorney's fees that *exceed* past due benefit amounts. *See, e.g.*, *Freeland*, 2014 WL 988761, at *8 ($20,012.50 in fees and $7,825.92 in past due benefits); *Winkelspecht v. Gustave A. Larson Co.*, No. 10-cv-1072, 2012 WL 2675224, at *5 (E.D. Wis. July 5, 2012) ($103,760.00 in fees and $97,969.48 in past due benefits). In light of this authority, the court will not reduce UW Hospital's reasonable attorney's fees simply because they are close to the amount of the past due benefits.

Beyond its general objection, however, Aetna offers two specific challenges to UW Hospital's itemization. First, Aetna notes that UW Hospital has included fees for preparing arguments that were ultimately unsuccessful and for drafting a brief it never filed with the court.

6

Before addressing the issue, the court briefly reviews the procedural history of this case. UW Hospital initially brought state law claims in a Wisconsin court for breach of contract, quasi contract and unjust enrichment, and breach of the covenant of good faith. Dkt. 1-1. Aetna removed the case to this court. The parties stipulated to dismissal of the state law claims and UW Hospital agreed to proceed under ERISA. Dkt. 2. UW Hospital filed an amended complaint with four separate claims, only one of which was a valid ERISA claim. Dkt. 6. Aetna moved to dismiss the remaining claims in the amended complaint and UW Hospital never opposed the motion, agreeing that three of its four counts should be dismissed. Dkt. 10, at 2. In its itemization, UW Hospital nevertheless seeks an award of the fees it incurred during these initial stages. *See* Dkt. 32-1, at 2-3.

The court may reduce an award of attorney's fees if the hours billed are not reasonable, and "the hours claimed can be reduced by the number of hours spent litigating claims on which the party did not succeed to the extent they were distinct from claims on which the party did succeed." *Stark v. PPM Am., Inc.*, 354 F.3d 666, 674 (7th Cir. 2004). After reviewing UW Hospital's itemization, the court agrees with Aetna that the hours identified include time spent on unsuccessful arguments unrelated to the ERISA claim on which UW Hospital ultimately prevailed. For example, UW Hospital billed eight hours preparing its brief in response to Aetna's motion to dismiss three of the claims in the amended complaint, Dkt. 32-1, at 3, but never filed that brief or defended the validity of the claims. Aetna asks the court to reduce the award of fees by excluding the hours UW Hospital billed from January 11, 2013, to August 29, 2013, as well as the hours UW hospital billed in attempting to oppose Aetna's motion to dismiss. In total, this would amount to a reduction of $1,833.36.[4] The court agrees that this amount represents

---

[4] Aetna lists the amount as $1,832.86. The court assumes this was an oversight.

time UW Hospital billed in pursuit of unsuccessful state law claims or impermissible ERISA claims and will accordingly reduce the award of attorney's fees by $1,833.36.

Aetna's second objection to UW Hospital's itemization is that the summary of hours utilizes "block-billing," whereby UW Hospital's attorneys lump several separate tasks together into one "block" of time. Relatedly, Aetna notes that Attorney Schrier predominantly bills in even increments and never less than 0.25 hours. Aetna claims that, combined, these practices have likely led to fee inflation of at least 30%. Dkt. 33, at 4. The court agrees that UW Hospital's itemization is less than clear in describing the specific tasks being billed. Under the lodestar method for calculating attorney's fees, "[t]he fee claimant bears the burden of substantiating the hours worked and the rate claimed." *Strange v. Monogram Credit Card Bank of Ga.*, 129 F.3d 943, 946 (7th Cir. 1997). This requires the claimant to: (1) identify a reasonable number of hours worked; and (2) multiply the hours by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). In this case, UW Hospital's itemization is weakly supported because Schrier's affidavit, Dkt. 32, does not affirm that the hours expended were reviewed for reasonableness, that the hourly rate is in line with the rate prevailing in the community, that she has personal knowledge of her firm's billing practices from which she can evaluate the reasonableness of the fee, or that the fees were actively billed and paid for by the client.

In support of its objection to UW Hospital's block-billing, Aetna directs the court to *Welch v. Metropolitan Life Insurance Company*, 480 F.3d 942 (9th Cir. 2007). In *Welch*, the Ninth Circuit cited a California State Bar committee's report that concluded "block billing may increase time by 10% to 30%." 480 F.3d at 948 (internal citations omitted). The court went on to affirm a reduction in fees where the district court based its decision on the report and a fear of fee inflation. *Id.* The Seventh Circuit, however, is more tolerant of the practice, noting that

"[a]lthough 'block billing' does not provide the best possible description of attorneys' fees, it is not a prohibited practice." *Farfaras v. Citizens Bank & Trust of Chi.*, 433 F.3d 558, 569 (7th Cir. 2006); *see also Roy v. Forest Cnty. Potawatomi Grp. Health Dental Vision & Short Term Disability Plan*, No. 03-cv-1265, 2006 WL 416214, at *4 (E.D. Wis. Feb. 22, 2006) ("[D]efendants have not identified any legal work that would conceivably be impermissible. Moreover, it is not as though the fees charged are based on large, generic bills for 'services rendered' or the like."). Aetna does not identify specific blocks in UW Hospital's itemization that are vague, and the court's own review does not reveal any unreasonable blocks. The court therefore rejects Aetna's assertion that an additional, blanket reduction of 30% is necessary because of the block-billing.

Aetna also objects to Schrier's billing methods, observing that she bills in even increments and never for less than 0.25 hours. In reviewing attorney's fees, courts are not overly concerned with the billing increments because the ultimate touchstone is the reasonableness of the fee. *See Garcia v. R.J.B. Props., Inc.*, 756 F. Supp. 2d 911, 918 (N.D. Ill. 2010) ("Our own Court of Appeals has not discussed the reasonableness of billing in quarter-hour increments, but a number of district judges within this circuit have considered the matter and, in the main, have found 'nothing inherently objectionable' about the practice."). Here, Aetna's primary objection is that for tasks such as reviewing correspondence from clients or opposing counsel, Schrier's billing practices might have inflated the time she spent working on the case. Dkt. 33, at 4-5. With one exception, however, Aetna does not identify any specific entries where the recorded hours are unreasonable. Even for the entry Aetna identifies—a 1.75 hour bill for reviewing correspondence from opposing counsel—there is no explanation for why the court should reduce the award. Indeed, the correspondence in question was from Aetna's own counsel, so Aetna presumably could have included the communications as exhibits to its objections and argued that no reasonable attorney would need 1.75 hours to review them. The absence of any concrete

9

objections leaves the court without any basis for investigating the reasonableness of UW Hospital's attorney's fees, and Aetna's blanket conclusory challenges to overall billing practices are an inadequate substitute. In reviewing the record, the court notes one outlier in UW Hospital's itemization of attorney's fees. On May 15, 2013, Attorney Sweet entered 0.10 hours, but billed $87.50. Applying Sweet's listed rate of $125 per hour, the bill should have been for $12.50. The court will reduce the award accordingly.

In summary: (1) UW Hospital seeks $11,485.24 in past due benefits and $3,962.40 in prejudgment interest and the court will enter judgment for both amounts, unaltered; and (2) UW Hospital seeks $9,262.06 in attorney's fees and costs and the court will reduce the amount by $1,908.36—the amount UW Hospital spent on the unsuccessful and unnecessary aspects of this case and the $75.00 Sweet over-billed in his May 15th entry—leaving UW Hospital entitled to recover $7,353.70.

### ORDER

IT IS ORDERED that:

1) Plaintiff UW Hospital is awarded benefits of $11,485.24, consistent with the court's June 6, 2014, Opinion and Order, Dkt. 31;

2) Plaintiff UW Hospital is awarded prejudgment interest in the amount of $3,962.40, consistent with the opinion above;

3) Plaintiff UW Hospital is awarded its reasonable attorney's fees and costs in the amount of $7,353.70, consistent with the opinion above; and

4) The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 14th day of July, 2014.

BY THE COURT:
/s/
JAMES D. PETERSON
District Judge